## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JACQUELINE FLYNN,

        **Plaintiff,**

v.                                                    **Case No: 6:23-cv-1890-PGB-DCI**

THERMACELL REPELLENTS,
INC. and LOWE'S HOME
CENTERS, LLC,

        **Defendants.**
_____/

### ORDER

This cause comes before the Court on Plaintiff Jacqueline Flynn's ("**Plaintiff**") Motion to Remand. (Doc. 17 (the "**Motion**")). Defendant Thermacell Repellents, Inc. ("**Thermacell**") filed a response in opposition. (Doc. 24 (the "**Response**")). Defendant Lowe's Home Centers ("**Lowe's**") has not responded in opposition to the Motion and the time to do so has now passed. Upon consideration, the Motion is due to be denied.

## I.   BACKGROUND

This is a products liability case arising out of damages Plaintiff sustained due to a fire in Plaintiff's home (the "**Property**"). (Doc. 1-1 (the "**Complaint**")). On or about January 21, 2021, Plaintiff purchased Thermacell's Patio Shield Mosquito Protection Device (the "**Product**") from Lowe's. (*Id.* ¶ 9). Plaintiff alleges she used the Product at the Property as intended and foreseeable by Thermacell and Lowe's

(collectively, the "**Defendants**"). (*Id.*). Shortly thereafter, the Property and its contents were damaged by a fire that Plaintiff alleges was caused by the Product. (*Id.* ¶ 10).

Accordingly, Plaintiff initiated the instant action by filing suit in state court. (Doc. 1-1). With regard to the amount in controversy, Plaintiff merely alleged that "[t]his is an action for damages in an amount in excess of $50,000.00, exclusive of interest, costs, and attorney's fees." (*Id.* ¶ 4). Ultimately, Defendant removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1 (the "**Notice of Removal**")). Plaintiff then moved to remand, asserting that the removal was untimely. (Doc. 17). The parties do not dispute that complete diversity exists or that the amount in controversy is met. (*See* Docs. 17, 24). Instead, Plaintiff's sole argument for remand is that Thermacell did not remove the case within thirty days of receiving a document that Plaintiff asserts unequivocally established that the amount in controversy was met. (*See* Doc. 17).

## II.   LEGAL STANDARD

28 U.S.C. § 1441(a) allows a defendant to remove a civil action from state court to federal district court where the basis for the underlying claim is federal question jurisdiction or diversity jurisdiction. *Hawkinson v. State Farm Mut. Auto. Ins. Co.*, 325 F. Supp. 3d 1293, 1296 (M.D. Fla. 2018).

Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). If the plaintiff does not plead a specific amount in damages, the removing defendant

bears the burden of establishing that the jurisdictional threshold is met by a preponderance of the evidence. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208–09 (11th Cir. 2007); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).

28 U.S.C. § 1446(b)(1) requires the removing defendant to file its notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." However, "if the case stated by the initial pleading is not removable," then the removing defendant may file its notice of removal within 30 days of its receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3).

Because removal from a state court constitutes an infringement upon state sovereignty, the district court must construe the removal requirements strictly, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## III.   DISCUSSION

Plaintiff asserts that this case should be remanded to state court because Thermacell did not remove the case within thirty days of receiving a copy of an "other paper" from which Thermacell could first ascertain that the case was removable. *See* § 1446(b)(3); (Doc. 17). Plaintiff argues that Thermacell should have determined that the amount in controversy was met once Plaintiff sent

Thermacell a copy of a Fire Report created by Orange County Fire Rescue regarding the fire at the Property. (Doc. 17-5, pp. 5–13 (the "**Fire Report**"); *see also* Doc. 17). As a result, Plaintiff argues removal was untimely, and thus, the Court lacks jurisdiction.

The context in which the Fire Report was sent to Thermacell is as follows. On August 1, 2023, in an e-mail, Thermacell's counsel granted Plaintiff an extension of time to respond to certain discovery requests. (*Id*. at pp. 2–3). In the same e-mail, Thermacell's counsel also asked, "could you send me the fire department and law enforcement reports regarding the fire?" (*Id*.). On August 7, 2023, Plaintiff's counsel replied by e-mail, attaching the Fire Report and stating "Please see the attached. We are still locating the rest." (*Id*. at p. 2).

Plaintiff asserts the aforementioned e-mail and attachment represented an unambiguous statement that clearly established this Court's jurisdiction. (Doc. 17). Specifically, the Fire Report contained a section referencing the total "Losses" as $280,000: $200,000 for the "Property" and $80,000 for its "Contents." (Doc. 17-5, p. 5). Notably, however, the Fire Report does not provide any statements to support these figures. (*See id*. at pp. 5–13). For example, it does not describe the physical damage to the Property's structure. (*Id*.). Instead, the Fire Report primarily describes technical aspects of the Fire Department's response to the fire and does not clearly allude to the nature or extent of the damages. (*Id*.).

Consequently, in its Response, Thermacell argues that the Fire Report did not "clearly, unequivocally, . . . or unambiguously establish" that the amount in

controversy was met, and thus, did not trigger the thirty-day removal window under § 1446(b)(3). Thermacell further asserts that "[n]o federal court appears to have concluded that a non-expert[] damage estimate, not produced in discovery, and not provided in connection with a demand for damages, is an 'other paper' from which the amount in controversy may be ascertained and proven." (*Id.* at p. 6). Thermacell also notes that, post-removal, a defendant bears the burden of establishing that federal jurisdiction is proper. (*Id.* at p. 10). As a result, Thermacell argues that it "prudently" waited until receiving the damages estimate of Plaintiff's homeowner's insurer before removing the case. (*Id.*).

Although the Eleventh Circuit has not articulated a single test for identifying what constitutes an "other paper" triggering the thirty-day removal window under § 1446(b)(3), many documents have been found to qualify, such as settlement offers, demand letters, and email correspondence containing estimates. *Lowery*, 483 F.3d at 1212 n.62 (collecting sources). Accordingly, even informal documents can constitute such "other papers." *See id.*

However, a defendant's receipt of an "other paper" only triggers the 30-day removal window if it contains an "unambiguous statement that clearly establishes federal jurisdiction." *Lowery*, 483 F.3d at 1213 n.63 (first citing *Bosky v. Kroger*, 288 F.3d 208, 212 (5th Cir. 2002) (providing that the removal window is triggered only when it is "unequivocally clear and certain" that federal jurisdiction exists); then citing *Huffman v. Saul Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir. 1999) (same)); *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1286 (S.D. Fla. 2013)

("Congress has made clear its intent that defendants must be circumspect in deciding whether to remove a case." (quoting *Vill. Square Condo. of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 6:09-cv-1711-Orl-31DAB, 2009 WL 4855700, at \*4 (M.D. Fla. Dec. 10., 2009))).[1]

After careful consideration, the Court finds that, while Plaintiff's e-mail attaching the Fire Report may have suggested or implied that there could be federal jurisdiction, it did not render this fact "unequivocally clear and certain." *See Bosky*, 288 F.3d at 212; *see also Lowery*, 483 F.3d at 1213 n.63. "[T]he rules of removal are designed to encourage defendants to use early discovery to flesh out the amount in controversy, rather than remove cases prematurely on an equivocal record." *Jennings v. Powermatic*, No. 3:14-cv-250-J-32JRK, 2014 WL 2003116, at \*3 (M.D. Fla. May 15, 2014) (citing *Lamb v. State Farm Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at \*2 (M.D. Fla. Nov. 5, 2010)). Here, it is unclear what the purpose of providing an estimate of "losses" was in the specific context of the Fire Report, who arrived at the estimate, their qualifications for providing such an estimate, or the facts upon which it was based. *See id.*; (Doc. 17-5, p. 5); *cf. Stefchack v. Geovera Specialty Ins. Co.*, No. 6:20-cv-1092-Orl-22GJK, 2020 WL 6478527, at \*2 (M.D. Fla. Aug. 26, 2020) (explaining that it is "well-established that courts often consider a proof of loss statement as a reliable source of alleged damages in determining whether the amount in controversy is met," and

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

reasoning that such statements represent "an honest assessment of damages," as they are prepared by a public adjuster and "reflect[] specific information" to support the amount at issue (citations omitted)); *Lamb*, 2010 WL 6790539, at *2 (noting that settlement offers only trigger the removal window where they provide specific information to support the amount offered and thus provide a reasonable assessment as to the claim's value (citations omitted)); *Towers of Oceanview S. Condo. Ass'n v. Great Am. Ins. Co. of N.Y.*, No. 14-61329-CIV, 2014 WL 4376147, at *3–4 (S.D. Fla. Sept. 4, 2014) (same).

In the instant case, the Fire Report was attached to a two-line e-mail sent by Plaintiff's counsel in response to Thermacell's request for a copy of any such reports. (*See* Doc. 17-5, pp. 2–3). Neither the Fire Report, nor the e-mail to which it was attached, provided any detail to support the bald statement of losses contained therein. Under the circumstances, the Court finds that Plaintiff's e-mail attaching the Fire Report did not "unambiguously" and "clearly" establish federal jurisdiction here.[2] *See Lowery*, 483 F.3d at 1213 n.63. As a result, the Court finds that Defendant's removal of this action was timely under § 1443(b)(3).

---

[2]   Plaintiff's Motion also references that representatives for Thermacell attended a site inspection of the property more than two years before Plaintiff filed the Complaint in this action. (*See* Doc. 17, p. 8). This fact does not weigh in favor of remand for at least two reasons. First, § 1446(b)(3) describes when the removal window is triggered based upon a defendant's receipt of "a copy of *an amended pleading, motion, order or other paper*." § 1446(b)(3) (emphasis added). Yet, Plaintiff provides no legal support for the notion that a site inspection can serve as an "other paper," despite the fact that this appears to contradict the plain language of the removal statute. (*See* Doc. 17). Second, even assuming the site inspection could be considered such a paper here, it would constitute a pre-suit document. (*See* Doc. 17, p. 8). However, "policies regarding removal counsel against adopting a rule that would impute knowledge of pre-suit documents to defendants." *Lambertson*, 918 F. Supp. at 1286 (quoting

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Doc. 17) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 29, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

*Village Square*, 2009 WL 4855700, at *4). Consequently, information learned prior to the filing of a lawsuit "do[es] not trigger the thirty-day clock in 28 U.S.C. § 1446." *Id.*