## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JACQUELINE FLYNN,**

**Plaintiff,**

**v.**                                              **Case No: 6:23-cv-1890-PGB-DCI**

**THERMACELL REPELLENTS,
INC. and LOWE'S HOME
CENTERS, LLC,**

**Defendants.**

_____/

## ORDER

This cause is before the Court on Plaintiff's Motion for Miscellaneous Relief, specifically to Preclude Defendants from Using any "Potential Trial Exhibits" Which Were Not Produced During Discovery and Were Not Identified Until After Plaintiff Disclosed Her Expert Witnesses. (Doc. 62 (the "**Motion to Exclude Evidence**")). The Defendants submitted an Amended Response in Opposition (Doc. 72 (the "**Response**")). Upon consideration and after oral argument, the Plaintiff's Motion to Exclude Evidence is denied.

### I.    BACKGROUND

This is a product liability case arising from damages Plaintiff sustained due to a fire in Plaintiff's home (the "**Property**"). (Doc. 1-1 (the "**Complaint**")). On or about January 21, 2021, Plaintiff purchased Thermacell's Patio Shield Mosquito Protection Device (the "**Product**") from Lowe's. (*Id.* ¶ 9). Plaintiff alleges she used

the Product at the Property as intended and foreseeable by Thermacell and Lowe's (collectively, the "**Defendants**"). (*Id.*). Shortly thereafter, the Property and its contents were damaged by a fire that Plaintiff alleges was caused by the Product. (*Id.* ¶ 10). The Plaintiff sued Defendants under negligence and strict liability theories. (*Id.*¶¶ 11–30).

This litigation has had its fair share of stops and starts, resulting in the Court twice modifying the Case Management and Scheduling Order ("**CMSO**") to extend the deadline for Plaintiff's expert disclosure. (Docs. 25, 45, 47, 59). As such, the Plaintiff's expert witness disclosure was moved from July 1, 2024, to September 3, 2024, with discovery closing November 4, 2024. (Docs. 25, 47). On October 17, 2024, the Defendants filed a motion to extend the deadline to complete discovery and dispositive motions. (Doc. 53). The Plaintiff did not respond, and the Court granted the Defendants' motion, extending the discovery deadline to January 6, 2025, and moving the dispositive motion deadline to February 3, 2025. (Docs. 58, 59).

On October 7, 2024, after the Plaintiff disclosed her expert witnesses, the Defendants filed a Motion for Protective Order. (Doc. 50). The Defendants outlined their attempts to enter into a confidentiality agreement with Plaintiff so that Defendants could produce documents relating to manufacturing plants. (*Id.*). The Defendants had first sent Plaintiff the proposed agreement on April 12, 2024, and Plaintiff objected to the scope of the agreement, promising to send Defendants

proposed modifications to the agreement.[1] (*Id.* at p. 2). The proposed edits were not received, notwithstanding several requests. (*Id.* at pp. 2–3). On October 1, 2024, Defendants produced their experts' reports, discharging their obligation under the CMSO, and advised Plaintiff that some trial exhibits contain confidential information and could not, therefore, be produced. (*Id.* at p. 3). This prompted the Defendants' Motion for a Protective Order.

## II.    LEGAL STANDARD

The Plaintiff does not cite legal authority in support of her motion to exclude documents produced by the Defendants. Thus, the Court is not obligated to address this argument. *See W. Sur. Co. v. Steuerwald*, No. 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017)[2] ("It is axiomatic that arguments not supported and properly developed are deemed waived.); *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the court need not consider "perfunctory and underdeveloped" arguments and that such arguments are waived.). Rule 3.01(a) of the Middle District of Florida's Local Rules states that a motion must include "a legal memorandum supporting the request."

Setting aside procedural default, Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure requires parties to disclose the names of individuals likely to have

---

[1]    The Defendants raised their request for execution of a confidentiality agreement in response to Plaintiff's Rule 30(b)(6) deposition *duces tecum*. (Doc. 50, p. 2).

[2]    "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

discoverable information that the party may use to support its claims. Parties must supplement their Rule 26(a) disclosures "in a timely manner if they learn that, in some material respect, the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A). A party who fails to supplement its disclosures in a timely manner is precluded from using the undisclosed witnesses or information "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). However, the non-disclosing party may avoid exclusion if it can prove "that a failure to disclose was substantially justified or harmless." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

## III.  DISCUSSION

The Plaintiff asserts that her experts did not have the opportunity to review the subject documents before providing their expert reports, describes the disclosure as fundamentally unfair, and moves for the documents' exclusion. (Doc. 62, p. 2). Defendants counter that the documents were disclosed while discovery remained open and in response to Plaintiff's "newly disclosed theories of product defect" and causation. (Doc. 72, p. 2). Moreover, neither Plaintiff's nor Defendants' experts requested or relied on the documents to formulate their opinions. (*Id.*). The Court notes that Plaintiff does not suggest her experts would have relied on the subject documents had they been disclosed sooner.

The Court finds that the Defendants' disclosure of the documents after entry of a protective order is substantially justified. Inexplicably, neither party complied with their obligation under Rule 26(a)(1)(A) to serve initial disclosures. (*Id.* at p. 6). Had they done so, Defendants would have identified in their disclosure potential trial exhibits that are subject to a claim of privilege or confidentiality, and the dispute would have been resolved early in the litigation. Instead, the parties exchanged discovery requests, including Plaintiff's subpoena *duces tecum*, prompting Defendants' request that Plaintiff enter into a confidentiality agreement. The Plaintiff never moved to compel Defendants to produce documents identified in the notice of taking deposition *duces tecum*. Plaintiff cannot—and does not—identify prejudice resulting from Defendants' document production, which occurred before the close of discovery but after Plaintiff's experts' opinions were disclosed.  Accordingly, the production of documents before the close of discovery is harmless.

## IV.    CONCLUSION

For the aforementioned reasons, the Plaintiff's Motion to Exclude (Doc. 62) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 17, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

5

Counsel of Record
Unrepresented Parties