## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JACQUELINE FLYNN,

     Plaintiff,

v.                                    Case No.: 6:23-CV-01890-PGB-DC1

THERMACELL REPELLENTS, INC. and
LOWE'S HOME CENTERS, LLC,

     Defendants.

_____/

### Thermacell's and Lowe's Motion *In Limine* To Exclude Evidence Concerning the Scott and Watts Claims

The defendants, Thermacell Repellants, Inc. ("**Thermacell**") and Lowe's Home Centers, LLC ("**Lowe's**"), under the Court's third amended case management and scheduling order (Doc 93), move *in limine* to prohibit the plaintiff, Jacqueline Flynn ("**Flynn**"), her witnesses, and her lawyers, from referencing and offering evidence concerning Patio Shield claims asserted by Wendy Scott and Cody Watts. Attached as **Exhibit "A"** is the document marked as Exhibit 5 to Thermacell's deposition taken on April 25, 2024 which includes information concerning the Scott and Watts claims. Flynn took no discovery concerning the Scott and Watts claims, so the claims are inadmissible hearsay. Fed. R. Evid. 802.

Flynn did not establish that the Scott and Watts claims occurred under substantially similar circumstances, and that the alleged defect which allegedly caused Flynn's house fire, an allegedly missing orifice, also caused the Scott and Watts fires. Evidence concerning the Scott and Watts claims must also, therefore, be excluded as irrelevant and unduly prejudicial. Fed. R. Evid. 402 and 403. Flynn's product defect expert, John J. Lentini, CFI, did not investigate the Scott and Watts fires, and did not know the causes of the fires.

WHEREFORE, Thermacell and Lowe's request entry of an order prohibiting the Flynn, her witnesses, and her lawyers from referencing and offering evidence concerning the Scott and Watts claims.

### **<u>Memorandum of Law</u>**

Evidence of prior incidents is inadmissible unless the proponent demonstrates that the prior incidents occurred under circumstances substantially similar to the incident in question. *Gardner v. Ford Motor Company*, 166 F. Supp. 3d 1261, 1270 (M.D. Fla. 2015) (speculation about defect did not satisfy substantial similarity requirement); *Glenn v. B & R Plastics, Inc.*, 326 F. Supp. 3d 1044, 1073–74 (D. Idaho 2018)(evidence of prior incidents was inadmissible where plaintiffs failed to meet substantial similarity requirement); *Ford Motor Co. v. Hall-Edwards*, 971 So. 2d 854,

859 (Fla. 3d DCA 2007) (trial court abused its discretion in admitting evidence of prior incidents where proponent failed to establish substantial similarity).

In *Gardner*, plaintiffs brought a products liability action against an automobile manufacturer and claimed that a defect in the automobile caused a fire that consumed plaintiffs' house. 166 F. Supp. 3d at 1262–63. In response to defendant manufacturer's motion for summary judgment, plaintiffs argued that they could establish a genuine issue of material fact as to the automobile's defect and asserted that there was evidence of other prior similar incidents involving the automobile which should be admissible. *Id.* at 1270. More specifically, plaintiffs attempted to introduce complaints received by the automobile manufacturer's call center which are "unverified, self-reported" and allege that a fire was observed under the hood of the automobile. *Id.* The plaintiffs, however, failed to provide any argument that the prior incidents involving the automobile were substantially similar to the occurrence in question. *Id.* Thus, the Eleventh Circuit Court concluded that the plaintiffs' proffered evidence of other incidents was wholly speculative and inadmissible, and held that defendant was entitled to summary judgment on the issue of defect. *Id.*

In *Glenn,* the customer plaintiffs brought a products liability action against the manufacturer of a stepstool after one of the plaintiffs fell while using the stepstool. 326 F. Supp. 3d at 1049–50. At summary judgment, the manufacturer defendant argued, among other things, that plaintiffs' evidence was largely inadmissible and insufficient to support their claims. *Id.* at 1070. More specifically, the plaintiffs attempted to introduce evidence of other customer complaints about the stepstool's "broken tabs and missing feet." *Id.* at 1070–71. However, the plaintiffs failed to specifically identify any evidence of other incidents and complaints regarding the stepstool as involving substantially similar circumstances to those of the plaintiff's fall. *Id.* at 1073. Because of plaintiffs' failure to show substantial similarity, plaintiffs' evidence of other prior incidents and complaints regarding the stepstool was inadmissible. *Id.* The court thus held that the manufacturer defendant was entitled to summary judgment on all plaintiffs' claims. *Id.* at 1074.

In *Ford Motor Co.*, a passenger in a Ford Explorer was involved in a rollover accident and was killed. 971 So. 2d at 856. The passenger's estate brought a products liability action against Ford, alleging that a design defect of the Ford Explorer caused the accident. *Id.* During the trial, the trial court permitted the passenger's estate to provide testimony regarding "hundreds

of deaths" involving the Ford Explorer. *Id.* However, at no time did the passenger's estate provide evidence of the general characteristics of the other accidents involving the Ford Explorer. *Id.* at 860. The passenger's estate never laid a foundation to establish substantial similarity between the evidence relating to other Ford Explorer accidents and the accident at issue. *Id.* at 859–60. Accordingly, the Third District Court of Appeal held that the trial court abused its discretion in admitting this evidence regarding prior incidents. *Id.* at 860.

Neither Flynn nor her product defect expert, Lentini, took discovery or investigated the Scott and Watts claims. Lentini testified in his deposition that millions of Patio Shields have been sold, but only three (3) people have made fire claims—Flynn, Scott, and Watts. Excerpt of **Lentini Dep.** 33:19–34:25 attached as **Exhibit "B."** Lentini did not investigate the Scott and Watts claims, and he did not determine the causes of the Scott and Watts fires. *Id.*

The Scott and Watts claims are unauthenticated, inadmissible hearsay. Fed. R. Evid. 802; *Nettles v. Electrolux Motor AB*, 784 F.2d 1574, 1580–81 (11th Cir. 1986) (testimony about prior injuries in products liability action should have been excluded as inadmissible hearsay); *Hahn v. Sterling Drug, Inc.*, 805 F.2d 1480, 1485 (11th Cir. 1986) (evidence of prior incidents could

only be admissible where proponent established that conditions were similar and evidence was not used to prove truth of matter asserted); *Brown v. Crown Equipment Corp.*, 445 F. Supp.2d 59, 66 (D. Maine 2006) ("It is clear from a cursory review of these documents [regarding prior accidents] that they meet the definition of hearsay...").

The Scott and Watts claims are irrelevant and unduly prejudicial under Fed. R. Evid. 402 and 403 because Flynn has not shown that the alleged defect which caused the Flynn fire also caused the Scott and Watts fires, and that the 3 fires occurred under substantially similar circumstances.

## Certificate of Compliance with Local Rule 3.01(g)

On July 14, 2025, in compliance with Local Rule 3.01(g), Thermacell's and Lowe's counsel conferred with Flynn's counsel about Thermacell's motion *in limine* to exclude evidence concerning the Scott and Watts claims. Flynn's counsel opposes the motion *in limine*.

Dated: July 22, 2025

> */s/ David C. Banker*
> David C. Banker, Esquire
> Florida Bar No. 0352977
> dbanker@bushross.com
> lfowler@bushross.com
> BUSH ROSS, P.A.
> P.O. Box 3913
> Tampa, FL  33601
> *Counsel for Thermacell and Lowes*

## Certificate Of Service

I certify that I caused the foregoing motion *in limine* and memorandum of law to be served by electronic service in the U.S. District Court, Middle District of Florida, Orlando Division, which will serve all counsel of record on July 22, 2025, including:

Lee D. Gunn IV, Esquire
GUNN LAW GROUP, P.A.
401 E. Jackson Street, Suite 3600
Tampa, FL 33602
lgunn@gunnlawgroup.com
labramson@gunnnlawgroup.com
Counsel for Plaintiff

John A. Donovan III, Esquire
SLOAN AND WALSH, LLP
One Boston Place
201 Washington Street, Suite 1600
Boston, MA 02108
jdonavan@sloanewalsh.com
*Pro Hac Attorney for Plaintiff*

*/s/ David C. Banker*
David C. Banker, Esquire
Florida Bar No. 0352977
dbanker@bushross.com
lfowler@bushross.com
BUSH ROSS, P.A.
P.O. Box 3913
Tampa, FL 33601
*Counsel for Thermacell and Lowes*