**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JACQUELINE FLYNN,**

        **Plaintiff,**

**v.**                                          **Case No: 6:23-cv-1890-PGB-DCI**

**THERMACELL REPELLENTS,
INC. and LOWE'S HOME
CENTERS, LLC,**

        **Defendants.**
_____/

## ORDER

This cause is before the Court on Defendants' Revised *Daubert* Motion to Exclude Anonymous Opinions in the Fire Rescue Report and Fire Chief Wienckowski's Alleged Opinions. (Doc. 95 (the "**Motion**")). The Plaintiff submitted a response in opposition. (Doc. 101). Upon consideration, the Motion is denied because the alleged opinions do not constitute expert or lay witness opinion testimony. For the sake of clarity, the Court also addresses in this Order lay witness opinions that are admissible.

### I.    BACKGROUND

The Defendants seek to exclude findings, which they describe as expert opinions, contained in the Orange County Fire Rescue Report (Doc. 95-1 (the "**Report**")), that the fire damaging the Plaintiff's home was caused by the

Thermacell Patio Shield. (Doc. 95, pp. 1–4). Lieutenant Lizbeth Desio ("**LT Desio**") states in the Report that:

> Per home owner [sic], fire started in the second[-]floor patio from a 'Thermocell Patio Shield Mosquito Repellent' device. She [Flynn] stated that she followed manufacturer directions and placed the device on a patio table with no flammable objects in its immediate vicinity, ignited the device and when she returned to the device several minutes later, the device had caught on fire.

(*Id.* at pp. 3–4 (quoting Doc. 95-1, p. 4)).

The Defendants also seek to exclude findings attributed to Fire Chief Garrett Wienckowski ("**Chief Wienckowski**") in Plaintiff's Amended Answers to Interrogatories that "the Thermacell Patio Shield product was the origin and cause of the January 21, 2021, fire which damaged the Flynn's home in Orlando, Florida." (*Id.* at p. 3 (quoting 95-2, pp. 2–3)).[1] The Defendants claim that LT Desio and Chief Wienckowski's findings, or opinions, that the fire originated with the Patio Shield must be excluded, because they are based on the incorrect impression that the Plaintiff observed the Patio Shield to have caused the fire, and otherwise fail to satisfy the *Daubert* standard for admissibility. (*Id.* at pp. 5–7).

The Plaintiff responds that the Report is admissible under Federal Rule of Evidence 803(b) as a business record. (Doc. 101, p. 6). The Plaintiff also contends that Chief Wienckowski's opinions regarding the cause of the fire are admissible based on his observations at the scene and information learned from witnesses. (*Id.* at pp. 7–8). The Plaintiff argues that Chief Wienckowski should not be

---

[1] As discussed below, Chief Wienckowski did not identify the cause of the fire.

prevented from testifying to the following opinions: (1) the damage is consistent with the fire starting on the second-floor balcony; (2) no evidence suggests an electrical fire; (3) the fire was accidental; and (4) information learned from witnesses (that the Patio Shield caused the fire). (*Id*. at p. 8).

## II. LEGAL STANDARDS

The *Daubert* standard is properly summarized in the Defendants' Motion. Defendants note that Federal Rule of Evidence 702 permits "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" to testify in the form of an opinion. Rule 702 imposes an obligation on district courts to act as gatekeepers "to ensure that speculative, unreliable expert testimony does not reach the jury" under the mantle of reliability that accompanies "expert testimony." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002); *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). This gatekeeping role applies "not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'otherwise specialized' knowledge." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 147–48 (1999).

The party offering an expert opinion has the burden of establishing three criteria by a preponderance of the evidence: qualification, reliability, and helpfulness. *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1238 (11th Cir. 2005); *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1292 (11th Cir. 2005). That said, "neither *Daubert* nor its progeny preclude experience-based testimony." *Butler v. First Acceptance Ins. Co.*, 652 F. Supp. 2d 1264, 1272 (N.D. Ga. Aug. 17, 2009)

3

(quoting *Kumho Tire*, 526 U.S. at 151). "When an expert relies primarily on experience, the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Id.* (quoting *U.S. v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004)).

While the parties focus on the standard announced in *Daubert*, they overlook the fact that "[Federal] Rule [of Evidence] 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experience. *United States v. Hill*, 643 F.3d 807, 841 (11th Cir. 2011). Thus, a lay witness may offer opinions that are "rationally based on the witness's perception"; "helpful to clearly understanding the witness's testimony or to determining a fact in issue"; and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *United States v. Jeri*, 869 F.3d 1247, 1265 (11th Cir. 2017). For example, a law enforcement officer who read and listened to thousands of wiretap conversations may testify about the meanings of code words that he learned during the investigation. *United States v. Jayyousi*, 657 F.3d 1085, 1103–04 (11th Cir. 2011); *see also Eberhart v. Novartis Pharms. Corp.*, 867 F. Supp. 2d 1241, 1252–53 (N.D. Ga. Mar. 6, 2023) (permitting treating physicians to testify as lay witnesses on matters that may resemble expert testimony where such testimony is only "offered for the purpose of explaining the physician's decision-making process or the treatment provided"); *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1218 (11th Cir.

4

2003) (allowing project manager to testify as a lay witness to whether bill was reasonable for repairs to ship's rudder).

## III. DISCUSSION

The Defendants seek to exclude the information contained in the Report appearing on page one under the heading "Cause of Ignition: Failure of equipment or heat source," and the Narrative on page four wherein LT Desio writes that the homeowner identified the Thermacell Patio Shield as causing the fire. (Doc. 95, p. 2 (quoting Doc. 95-1, pp. 1, 4)). The Defendants incorrectly characterize the statements attributing the fire to the Patio Shield as opinions and mislabel the opinions as anonymous. The Defendants are correct in that LT Desio wrote in the Report that the homeowner stated the "fire started in the second[-]floor patio from a 'Thermacell Patio Shield Mosquito Repellent' device." (Doc. 95-1, p. 4). And Defendants are also right that LT Desio could not recall if this information was obtained from the Plaintiff or Chief Wienckowski. (Doc. 95-8, 12:21–13:11; 18:12–17). That said, Chief Wienckowski testified that he assumed LT Desio provided this information from the homeowner. (Doc. 95-7, 6:13–24, 9:14–21). Chief Wienckowski also testified that he has no opinion concerning the cause of the fire. (*Id.* 7:14–20; 19:2–17).

Since Chief Wienckowski is not the source of the contested statement in the Report, a simple process of elimination shows that LT Desio is. Accordingly, the information is not anonymous. It is also not an opinion. Neither Chief Wienckowski nor LT Desio opine that the fire on the second-story balcony was

caused by the Patio Shield. They merely repeat what LT Desio believes the homeowner said about the cause of the fire.[2] And the homeowner's statement is hearsay. The business records exception does not change this conclusion since the Plaintiff's statement to LT Desio is hearsay within hearsay. *See* FED. R. EVID. 805. The Plaintiff, however, will be available to testify about the sequence of events culminating in the fire.[3]

To avoid confusion, the Court will address the admissible lay witness opinions offered by LT Desio and Chief Wienckowski. LT Desio testified that her fire engine was first on scene around 8:19 p.m. (Doc. 95-8, 6:1–17, 9:7–17). When she arrived, fire was observed emitting from the rear balcony of the home located on the second floor. (*Id.* 29:20–24). LT Desio further testified that, based upon her observations at the scene, there is no indication that the fire began anywhere other than the second-floor patio. (*Id.* 40:12–20). LT Desio's opinion that the fire began on the second-floor balcony is based on her personal observations as informed by 26 years in the fire department and is properly admitted under Rule 701. *See* FED. R. EVID. 701. Chief Wienckowski also concluded from his personal observation that the fire started on the second-floor balcony. (Doc. 95-7, 8:22–23, 26:13–25). The

---

[2] LT Desio testified, "I can't recall who exactly gave me the info but I wrote down what I was told." (Doc. 95-8, 12:21–13:11). An opinion, either expert or lay, requires more than merely repeating what one is told by a third party.

[3] The Plaintiff testified that around 7:15 p.m. on the night of the fire, she placed the Thermacell Patio Shield on the table located on the second-story patio and turned it on. (Doc. 95-6, 29:16–19, 36:8–17, 39:4–18, 42:12–20). Around 7:30 p.m. to 7:45 p.m., her family sat down to dinner, and by 8:00 p.m., a family member saw flames from the upstairs patio. (*Id.* 48:19–23, 49:7–18).

Chief also concluded the fire was accidental and testified there is no information to suggest this was an electrical fire. (*Id.* 27:23–28:22). These lay witness opinions by LT Desio and Chief Wienckowski are based on their observations as informed by years of experience and are properly before the jury.

## IV. CONCLUSION

For these reasons, the Defendants' Revised *Daubert* Motion to Exclude Anonymous Opinions in Fire Rescue Report and Fire Chief Wienckowski's Alleged Opinions (Doc. 95) is **DENIED**.[4]

**DONE AND ORDERED** in Orlando, Florida on July 22, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] The Court has found that neither LT Desio nor Chief Wienckowski has offered opinions that the Thermacell Patio Shield caused the fire, and so the Plaintiff may not represent such to the jury in her opening statement.