# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JACQUELINE FLYNN,**

      **Plaintiff,**

v.                                                      Case No: 6:23-cv-1890-PGB-DCI

**THERMACELL REPELLENTS,
INC. and LOWE'S HOME
CENTERS, LLC,**

      **Defendants.**
_____/

## ORDER

This cause is before the Court on the Defendants' Thermacell Repellents, Inc. and Lowe's Home Centers, LLC (collectively, the "**Defendants**") Motion for Summary Judgment. (Doc. 102 (the "**Motion**")). Plaintiff Jacqueline Flynn ("**Plaintiff**" or "**Plaintiff Flynn**") filed a Response in Opposition (Doc. 104), and the Defendants submitted a Reply. (Doc. 105). Upon consideration, ruling on the motion for summary judgment is stayed, and Plaintiff is granted leave to amend the Complaint to add Amica Mutual Insurance Company and to designate Jacqueline Flynn, for the use and benefit of Amica Mutual Insurance Company. Alternatively, the Plaintiff may amend the complaint to substitute Amica Mutual Insurance Company as subrogee for Jacqueline Flynn.

I.  **BACKGROUND**

This is a product liability case arising from damages Plaintiff sustained due to a fire in Plaintiff's home (the "**Property**"). (Doc. 1-1). On or about January 21, 2021, Plaintiff purchased Defendant Thermacell Repellents, Inc.'s ("**Thermacell**") Patio Shield Mosquito Protection Device (the "**Product**") from Defendant Lowe's Home Centers, LLC ("**Lowe's**"). (*Id.* ¶ 9). Plaintiff alleges she used the Product at the Property as intended and foreseeable by Defendants. (*Id.*). Shortly thereafter, the Property and its contents were damaged by a fire that Plaintiff alleges was caused by the Product. (*Id.* ¶ 10). The Plaintiff sued Defendants under negligence and strict liability theories. (*Id.* ¶¶ 11–30).

The Defendants move for summary judgment on three grounds. First, the Defendants assert that Plaintiff Flynn is not the real party in interest, because her insurance carrier, Amica Mutual Insurance Company ("**Amica**"), paid the entire loss. (Doc. 102, pp. 1–2). Since Amica paid the fire loss claim, Defendants contend that Plaintiff Flynn did not incur damages and lacks standing. (*Id.*). Second, the Defendants submit that the fire cause and origin opinions of Amica and Plaintiff's expert witnesses are not sufficiently reliable.[1] (*Id.* at p. 2). Third, the Defendants contend that Amica and Plaintiff Flynn fail to prove a "proper measure of damage to [the] property damaged or destroyed in the fire." (*Id.*).

---

[1]  The Court has previously denied the Defendants' *Daubert* challenges directed to the Plaintiff's expert witnesses. (Docs. 111, 113, 116). Accordingly, the Court will not address the second basis for summary judgment advanced by the Defendants.

2

## II. LEGAL STANDARDS

To prevail on a summary judgment motion on any claim or issue, the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case. An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014).

The movant bears the initial burden of demonstrating that no genuine factual dispute exists. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). Where the nonmovant bears the burden of proving the issue at trial, the moving party will satisfy this initial burden "merely by pointing out to the district court that there is an absence of evidence to support an essential element of the non-moving party's case." *Thurmon v. Ga. Pac., LLC*, 650 F. App'x 752, 756 (11th Cir. 2016)[2] (citing *Celotex*, 477 U.S. at 325).

Once the movant shows there is no genuine dispute of material fact, the burden shifts to the non-movant to prove that a genuine factual dispute exists which would preclude entry of summary judgment. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). To survive summary judgment, the non-moving party "must

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Id*. The non-movant must support its position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatories, or other materials." FED. R. CIV. P. 56(c)(1)(A). If the non-moving party fails to identify specific record evidence supporting its position, the court must enter summary judgment. FED. R. CIV. P. 56(a).

**III.    DISCUSSION**

    **A.    FED. R. CIV. P. 17(a)**

The parties do not dispute that Amica insured the residence owned by Plaintiff Jacqueline Flynn and her husband, Timothy Flynn. (Doc. 104, p. 3; Doc. 104-3, p. 6). They also agree that Amica paid all damages arising from the residential fire to Plaintiff Flynn. (Doc. 104, p. 3). The Plaintiff concedes that she did not request leave to substitute Amica as the plaintiff after Thermacell raised an affirmative defense that Amica is the proper plaintiff. (*Id*. at p. 4; Doc. 1-2, p. 10). The Plaintiff contends, however, that Amica was not substituted as the real party in interest because Amica has the right to bring suit in the name of its insured. (Doc. 104, p. 4). The issue before the Court is whether the Plaintiff was correct in her interpretation of Rule 17(a) and the insurance contract entered into with Amica.

"Subrogation is a well-defined concept under Florida law where a third-party payor, like an insurer, is substituted for a person with a lawful claim or right." *Certain Underwriters at Lloyds of London v. Scents Corps.*, 634 F. Supp. 3d 1114, 1117 (S.D. Fla. 2022) (citation omitted). "A subrogee acquires standing to sue through subrogation." *Id.* (citations omitted). Conventional subrogation arises from a contract between the parties creating an agreement that the third-party payor will have the rights and remedies of the payee. *Id.*

The contract here provides the following concerning subrogation:

> **F.    Subrogation**
>
> An **insured** may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights or recovery for a loss to the extent that payment is made by us.
>
> If an assignment is sought, an **insured** must sign and deliver all related papers and cooperate with us.

(Doc. 104-3, p. 9). Neither party analyzes the language of the contract, operating instead from the presumption that Amica exercised its right to require an assignment of Plaintiff's rights against Thermacell. Defendants aver in their Motion that Amica made the decision to initiate the lawsuit, hired and paid the Plaintiff's experts, and participated in mediation without Plaintiff Flynn. (Doc. 102, pp. 10–11). As such, Defendants conclude Amica is the subrogee. And the Plaintiff does nothing to dispel Defendants' belief, arguing that Amica is entitled to maintain this action in the name of its insured because they paid for the loss allegedly caused by the Patio Shield. (Doc. 104, p. 9).

## 1. *State Substantive Law versus Federal Procedure*

Since the parties agree that Amica has exercised its rights of subrogation under the contract, the Court will operate from that premise. The contract gives Amica the right to "require an assignment of rights" held by the insured. (Doc. 104-3, p. 9). Therefore, the contract provides that once the assignment is completed, Amica holds all rights previously held by the Plaintiff and is the real party in interest. The contract does not, however, prevent Amica from enforcing those rights via Plaintiff Flynn. That said, the right to require an assignment *suggests* Amica will enforce those rights in its own name. This ambiguity is significant because "[w]hile the question of in whose name an action must be prosecuted is procedural, and thus governed by federal law, its resolution depends on the underlying substantive law of the forum state." *Childers v. E. Foam Prods., Inc.*, 94 F.R.D. 53, 55 (N.D. Ga. 1982); *see also Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 256–57 (5th Cir. 1980) ("[T]he mere fact that a plaintiff falls within one of the classes of persons enumerated in Rule 17(a) is not dispositive of the real party in interest question, for that rule assumes that the enumerated persons are granted the right to sue by the applicable substantive law.").[3]

The Court will now turn to Florida substantive law to determine who qualifies as the real party in interest. The Plaintiff relies upon *Holyoke Mutual*

---

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

*Insurance Company in Salem v. Concrete Equipment, Inc.*, 394 So. 2d 193, 194 (Fla. 3d DCA 1981), wherein plaintiff Holyoke Mutual Insurance Company ("**Holyoke**") paid a claim to its insured, ABC Pools, Inc., arising from an allegedly defective product and thus became subrogated to the cause of action. The trial court dismissed the complaint with prejudice, finding that the suit could only be brought in the name of the insured, ABC Pools, Inc. *Id.* The trial court's ruling was reversed on appeal. *Id.* The Third District Court of Appeal held that Holyoke was a bona fide subrogee and thus a real party in interest. *Id.* at 196. The court also found that "Holyoke had the right to maintain its action in the name of ABC, for the use and benefit of Holyoke." *Id.* (quoting *Atl. Coast Line R.R. Co. v. Campbell*, 139 So. 886 (1932) (explaining that an insurance company may amend its complaint from one brought in its name to one brought in the name of another for the use and benefit of the insurance company)).

The court further held that "an insurer which has paid an insured's loss is a subrogee of the insured's cause of action against a tort-feasor [and] that such subrogee, as the real party in interest, is permitted, but not required, to prosecute and maintain an action . . . in its own name [or] in the name of the insured for the use and benefit of the subrogee." *Id.* at 197. Thus, Amica, as the subrogee, is the real party in interest under Florida's substantive law. And yet, a broad reading of *Holyoke Mutual Insurance Co.* teaches that the subrogee/insurer could also bring suit in the insured's name for the use and benefit of the subrogee/insurer. Accordingly, under Florida law, Amica, as a bona fide subrogee, is the real party in

7

interest under Rule 17(a). *See* FED. R. CIV. P. 17(a). However, according to *Holyoke Mutual Insurance Co.*, so is the insured, provided the insured brings the action for the use and benefit of the subrogee.[4]

The Plaintiff also cites *Durrant v. Dayton*, 396 So. 2d 1225, 1226 (Fla. 4th DCA 1981), wherein a trustee brought an action for breach of contract which was expressly authorized under Florida Rule of Civil Procedure 1.210(a). And Plaintiff relies on *Despointes v. Florida Power Corp.*, 2 So. 3d 360, 361 (Fla. 2d DCA 2008), wherein the insured brought suit after the insurer assigned the right of subrogation to the insured. Neither case speaks to the issue presently before the Court. Plaintiff relies on Florida substantive law finding an insured is a real party in interest when a loss occurred through the fault of another and the insured paid the deductible. (Doc. 104, p. 9). Such cases stand for the proposition that the insured is another real party in interest, and do not support the premise that they may, therefore, sue on behalf of the subrogee.

Finally, the Plaintiff dedicates two sentences of her response to the argument that she is the real party in interest, because Rule 17(a)(3) provides "a party with whom or in whose name a contract has been made for another's benefit" may sue in their own name. (Doc. 104, p. 10). Plaintiff submits that the insurance contract

---

[4] It is unclear whether the insured must designate in the suit that she is bringing the action for the use and benefit of Amica, as a guardian would, or whether the capacity with which the insured acts is an issue of fact. The parties do not dispute that Plaintiff Flynn is acting as a nominal plaintiff for the use and benefit of the subrogee. Defendants argue Plaintiff Flynn suffered no loss and concede that any recovery in the lawsuit is payable to Amica. (Doc. 102, p. 7).

created a subrogation right or benefit for Amica, hence, she may sue in Amica's name. (*Id.*). The Plaintiff does not cite precedent supporting this argument, and "[i]t is axiomatic that arguments not supported and properly developed are deemed waived." *See W. Sur. Co. v. Steuerwald,* No. 16-61815-CV, 2017 WL 5248499, at *2 (S.D. Fla. Jan. 17, 2017); *see also, U.S. Steel Corp v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the court need not consider "perfunctory and underdeveloped" arguments and that such arguments are waived). While the insurance contract may include a duty to cooperate when Amica requests an assignment of Plaintiff's rights, the contract has not been made for "another's" benefit.

The Defendants counter that the law clearly states Amica is the only real party in interest, requiring dismissal of this matter after 18 months of litigation, which included the retention and deposition of expert witnesses. (Doc. 102, pp. 8–9). The Defendants, however, rely on non-binding district court opinions holding that, on the facts before those courts, the insurance company was the real party in interest. (*Id.*). For example, Defendants cite *Starr Indemnity & Liability Co. v. Standard Aero (San Antonio), Inc.*, No. 2:21-cv-746-SPC-NPM, 2021 WL 4710347, at *1 (M.D. Fla. Oct. 8, 2021), wherein the issue before the Court was whether a subrogee's citizenship is considered for diversity jurisdiction. The Court acknowledged "[t]he general rule . . . that the citizenship of the real party in interest is determinative in deciding whether diversity jurisdiction exists." *Id*. Since, "[g]enerally, . . . 'if the subrogee has paid an entire loss suffered by the insured, it

9

is the only real party in interest and must sue in its own name,'" the Court looked to the citizenship of the subrogee to determine whether diversity jurisdiction was satisfied. *Id.* (citation omitted). The Court did not, however, address whether Florida's substantive law permits the insured to initiate suit for the use and benefit of the subrogee.

Similarly, the Defendants rely on *Phoenix Insurance Co. v. JD & Sons, Inc.*, No. 8:14-cv-2271-T-35MAP, 2015 WL 12861163, at *2 (M.D. Fla. Feb. 2, 2015), wherein the Defendant filed a motion to dismiss for failure to state a claim, and the court *sua sponte* raised the question of whether the insurer should be added as a plaintiff where the insurer paid part of the claim and the plaintiff paid a $50,000 deductible. The Court concluded that under these facts, the insurer is a real party in interest. *Id.* Again, this case does not analyze whether the subrogee/insurer may bring suit in the name of its insured under Florida substantive law. Defendants also cite *Walden Residential Properties, Inc. v. Genlyte Thomas Group, LLC*, No. 3:01-cv-551-J-32HTS, 2003 WL 26112596, at *2 (M.D. Fla. Apr. 4, 2003), for the same proposition and with the same limitations. Simply put, none of the cases relied upon by the Defendants are on point.

It bears repeating that *Holyoke Mutual Insurance Co.* defines the real party in interest as the subrogee. The subrogee may bring the suit in its name or may bring the suit in the insured's name for its benefit. In either instance, the subrogee is the real party in interest and simply elects to proceed under its name or the insured's name. Plaintiff Flynn did not bring the suit independently of Amica,

acting as a rogue plaintiff. Amica, as the Defendants concede, has been in charge of the litigation since its inception, and Amica chose to proceed as the real party in interest via its insured. The Defendants readily admit that throughout the litigation, they operated with the understanding that Amica was directing the litigation. There is neither surprise nor prejudice in allowing Amica to join or substitute as the party plaintiff. If the Defendants had been prejudiced by Amica acting as the real party in interest via their insured, they would have likely filed a motion to dismiss to raise the issue before the Court.

Whether Florida substantive law permits Plaintiff Flynn to sue for the use and benefit of Amica as a real party in interest is far from a model of clarity. However, the Court finds that *Holyoke Mutual Insurance Co.* holds that both the subrogee and the insured are the real parties in interest. The subrogee may initiate suit in its name or the insured by bringing suit for the use and benefit of the subrogee. While the parties agree Amica has been directing the litigation, neither cites record evidence showing an agreement between Plaintiff Flynn and Amica that Plaintiff Flynn will file suit for the use and benefit of Amica. This confusion can be remedied by amendment of the complaint.

    2.    *Objection under Rule 17(a)(3)*[5]

It is noteworthy that Rule 17(a)(3) suggests a motion to dismiss is the proper mechanism for objecting that the plaintiff is not the real party in interest. FED. R.

---

[5] Since the Court is granting Plaintiff leave to amend the complaint, the Court will discuss why Defendants' "first affirmative defense" does not qualify as an objection. The result is that Defendants' motion for summary judgment is the operative objection.

11

CIV. P. 17(a)(3). The Rule provides that the "court may not *dismiss*" an action for failure to prosecute in the name of the real party in interest until the real party in interest has been afforded a reasonable opportunity to ratify, join, or be substituted into the action. FED. R. CIV. P. 17(a)(3) (emphasis added). That said, the Court acknowledges that several circuit courts have recognized that Rule 17(a)(3) applies to motions for summary judgment. *Harrison v. Forde*, 594 F. Supp. 3d 1291, 1294 (S.D. Ala. 2022) (collecting cases). The court in *Harrison* also indicated that, when properly made, an answer or affirmative defenses may constitute an objection. *Id.* at 1295.

The Defendants assert that they objected under Rule 17(a)(3) in their first affirmative defense. (Doc. 102, p. 10). Therefore, they argue a reasonable time has been allowed for the real party (Amica) to join or be substituted for Plaintiff Flynn. (*Id.*). The first affirmative defense states, "Jacqueline Flynn is not the proper plaintiff. Upon information and belief, her homeowners insurer, Amica, paid Ms. Flynn for the fire damage, and Amica is the proper plaintiff." (Doc. 1-2, p. 10). The Defendants do not cite Rule 17(a) in their affirmative defense, and they do not assert that Amica is the "real party in interest."[6] As the Court in *Harrison* observed, "[g]iven the ease with which a defendant may raise an objection by employing the

---

[6] "An affirmative defense is established only when a defendant *admits the essential facts* of a complaint and sets up other facts in justification or avoidance." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). "Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense." *Id.* (quoting *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)). The Defendants do not admit the essential facts of the complaint, which include the assertion that the fire was caused by the Thermacell Patio Shield. And so, the Defendants' first affirmative defense is not an affirmative defense at all.

standard phrase, 'real party in interest,' given the harsh consequences visited on a plaintiff that does not timely respond to an objection, and given the purpose of Rule 17(a), 'to insure against forfeiture and injustice,' the Court declines to rule that the defendant's answer constitutes an 'objection' within the rule." *Harrison*, 594 F. Supp. 3d at 1295 (quoting FED. R. CIV. P. 17 advisory committee's note to 1966 amendment).[7]

The Court reaches the same conclusion here and finds the Defendants' first affirmative defense does not constitute an objection. Accordingly, the Defendants' motion for summary judgment is their objection, and the Court will afford the Plaintiff the opportunity to amend the Complaint to add Amica Mutual Insurance Company as a plaintiff.[8] The Court will stay ruling on Defendants' motion for summary judgment until the Complaint has been amended. Once amended, the Court will revisit the Defendants' motion.

For completeness and to assist the parties going forward, the Court finds Florida law defines the real party in interest as both the subrogated insurer and its

---

[7] By waiting until the close of discovery and until after the statute of limitations has run, the Defendants seek to use a procedural objection typically brought as a motion to dismiss to obtain summary judgment. Certainly, the Defendants are not required to prevent the Plaintiff from stepping on a procedural land mine. But, as the Defendants observe in their Motion, "'the real party in interest' rule assures the defendant of the finality of any judgment obtained and protects the defendant against another lawsuit on the same matter." (Doc. 102, pp. 8–9 (citing *Walden,* 2003 WL 26112596, at *2)). The risk of being exposed to subsequent litigation by the real party in interest is absent where, as here, the subrogee sues in the name of its insured for its use and benefit.

[8] The Court agrees with the holding in *Harrison* that "[b]ecause the defendant's motion for summary judgment effectively seeks dismissal of the plaintiff's [claims] . . . for failure to prosecute in the name of the real party in interest, the Court cannot grant the motion for summary judgment 'until, after an objection, a reasonable time has been allowed' the plaintiff to rectify the situation." *Harrison*, 594 F. Supp. 3d at 1295.

insured acting for the use and benefit of the subrogee/insurer. Since the parties have been litigating this matter with full knowledge that Plaintiff Flynn has been acting as plaintiff for the use and benefit of Amica, the Court will permit the Plaintiff to amend the complaint to substitute Amica Mutual Insurance Company as a plaintiff. Alternatively, Plaintiff may amend the complaint to clarify that Jacqueline Flynn is acting for the use and benefit of Amica and to add Amica to the complaint.[9]

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff is granted leave to amend the Complaint within ten (10) days of this Order.

2. The Court's ruling on the Defendants' Motion for Summary Judgment (Doc. 102) is **STAYED** until the deadlines for filing an amended complaint and answer have passed.

3. Within seven (7) days of the amended complaint having been filed, the parties shall notify the Court if additional discovery is requested and whether the

---

[9] The caption shall read:

> Jacquline Flynn, for the use and benefit of Amica Mutual Insurance Company, and Amica Mutual Insurance Company,
>                Plaintiffs,
> v.
>
> Thermacell Repellants, Inc. and Lowe's Home Centers, LLC,
>                Defendants.

pending Motion for Summary Judgment (Doc. 102), Response (Doc. 104), and Reply (Doc. 105), are to be amended.

**DONE AND ORDERED** in Orlando, Florida on August 11, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties