IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

| | |
|---|---|
| JACQUELINE FLYNN, for the use and benefit of Amica Mutual Insurance Co., and AMICA MUTUAL INSRUANCE COMPANY, <br>     Plaintiffs, <br><br> v. <br><br> THERMACELL REPELLANTS, INC. and, LOWE'S HOME CENTERS, LLC, <br>     Defendants. | Case No. 6:23-cv-1890 |

## AMENDED COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff, JACQUELINE FLYNN, is a resident of the state of Florida and owns a home at 7618 Craig Court, Orlando, Florida 32835 (the "Property"). She brings this action for the use and benefit of Amica Mutual Insurance Company.

2. Plaintiff, AMICA MUTUAL INSURANCE COMPANY, is an Insurance Company formed under the laws of the State of Rhode Island, with a principal place of business at 100 Amica Way, Lincoln, Rhode Island 02865, and licensed to do business in Florida.

3. Defendant, THERMACELL REPELLANTS, INC, ("Thermacell") is a corporation organized under the laws of the Commonwealth of Massachusetts, with a principal place of business at 26 Crosby Drive, Bedford, Massachusetts 01730, and

a registered agent of Juliana Haddad Litterio at 26 Crosby Drive, Bedford, Massachusetts 01730.

4. Defendant, LOWE'S HOME CENTERS, LLC, ("Lowe's") is a limited liability company organized under the laws of North Carolina, with a registered agent for service of Corporation Service Company at 1201 Hays Street, Tallahassee, Florida 32301.

## NATURE OF ACTION, JURISDICTION, AND VENUE

5. This is an action for damages in an amount in excess of $50,000.00, exclusive of interest, costs, and attorney's fees, and this court otherwise has jurisdiction over the subject matter herein.

6. Venue is proper in this Court as the Defendants do business in this Circuit, the Plaintiff's residence is in this Circuit, and all material events occurred in this Circuit.

## FACTUAL ALLEGATIONS

7. At all times material hereto, the Plaintiff, Jacqueline Flynn, owned the Property and its contents. The property was insured by Plaintiff, Amica Mutual Insurance Company and Amica Mutual Insurance Company made payments in connection with a fire loss. Plaintiff, Jaqueline Flynn, brings this action on behalf of and for the use and benefit of Plaintiff, Amica Mutual Insurance Company.

8. At all times material hereto, Thermacell designed, developed, assembled, manufactured, tested, packaged, promoted, advertised, marketed, distributed, and/or

3851553

sold electronic mosquito repellent systems and devices, including the Thermacell Patio Shield mosquito protection device (the "Product").

9. At all times material hereto, Lowe's packaged, promoted, advertised, marketed, distributed, and/or sold consumer products, including, the Product.

10. On or about January 21, 2021, Plaintiff purchased the Product from Lowe's and thereafter used the Product at the Property as intended and foreseeable by Defendants.

11. On or about January 21, 2021, the Property and its contents were damaged by a fire (the "Loss") that was caused by the Product.

## COUNT I
### (Thermacell - Negligence)

12. Plaintiffs repeat and reallege their allegations set forth in paragraphs 1 through 11 of the Complaint and incorporates the same herein by reference.

13. Thermacell owed a duty of reasonable care to foreseeable users of the Product, including Plaintiff.

14. Theremacell's breaches of this duty include, but are not limited to:

   a. Failing to adequately test the Product to assess, determine, eliminate, and/or reduce the risk or likelihood of fires;

   b. Placing in the channels of trade a product the Defendants knew, or with reasonable care, should have known, was unreasonably dangerous and unsafe;

3

3851553

    c.    Failing to properly warn consumers that the Product could cause or contribute to fire and/or fire damages;

    d.    Failing to properly warn consumers about potential wind hazards when operating the Product outdoors;

    e.    Failing to make appropriate recommendations concerning the use and operation of the Product;

    f.    Failing to comply with applicable federal and/or state regulations concerning the design, manufacture, labeling, sale, and packaging of the Product; and,

    g.    Otherwise failing to exercise reasonable care under the circumstances that then and there existed.

15. Thermacell's negligence is a legal cause of the fire and resulting damage to the Property and its contents.

WHEREFORE, the Plaintiffs respectfully request this Court enter judgment against Thermacell for the compensatory damages the Plaintiffs have suffered and will continue to suffer as a result of Defendants' negligence, pre and post-judgment interest, taxable costs, attorneys' fees as are available under applicable law, and such other relief as this Court may deem necessary and proper.

## COUNT II
### (Thermacell - Strict Product Liability)

16. Plaintiffs repeat and reallege their allegations set forth in paragraphs 1 through

4

3851553

15 of the Complaint and incorporates the same by reference herein.

17. Thermacell is the manufacturer and seller of the Product.

18. The Product was used by Plaintiff in a reasonably foreseeable manner and without substantial change up to and at the time of the Loss.

19. Defendants designed, manufactured, sold, advertised, distributed, supplied, marketed, shipped, and/or delivered the product with inadequate warnings and/or in a defective and/or unreasonably dangerous condition, as the Product would ignite and/or cause ignition of other property under foreseeable use or misuse that was brought about Lowe's in each of the following ways:

 a. Failing to properly design the Product and/or its parts;

 b. Failing to properly manufacture the Product and/or its parts;

 c. Failing to adequately test the Product to assess, determine, eliminate, and/or reduce the risk and/or likelihood of fires;

 d. Placing in the channels of trade a product that Defendant knew or with reasonable care, should have known, was unreasonably dangerous and/or unsafe;

 e. Marketing an inherently unsafe and/or dangerous product;

 f. Misrepresenting that the Product was safe when Defendant knew or should have known that the Product was dangerous and/or unsafe;

 g. Failing to warn consumers that the Product could cause and/or

      contribute to fire and/or fire damages;

h. Failing to make appropriate recommendations concerning the use and/or maintenance of the Product;

i. Failing to properly withdraw and/or recall the Product and/or its component parts from the marketplace;

j. Failing to comply with applicable federal, state, and/or municipal statutes and/or regulations concerning the design, manufacture, packaging, distribution, marketing, shipping and/or sale of the Product; and,

k. Otherwise failing to exercise reasonable care under the circumstances that then and there existed.

20. The Loss was legally caused by the Product's defective and/or unreasonably dangerous condition.

21. As a result of aforesaid Loss, Plaintiff has incurred costs and suffered damages.

    WHEREFORE, the Plaintiffs respectfully request this Court enter judgment against Thermacell for the compensatory damages the Plaintiffs have suffered and will continue to suffer as a result of Defendants' negligence, pre and post-judgment interest, taxable costs, attorneys' fees as are available under applicable law, and such other relief as this Court may deem necessary and proper.

## COUNT III
### (Lowe's - Negligence)

22. Plaintiffs repeat and reallege their allegations set forth in paragraphs 1 through 21 of the Complaint and incorporates the same herein by reference.

23. Lowe's owed a duty of reasonable care to foreseeable users of the Product, including Plaintiff.

24. Lowe's breaches of this duty, include, but are not limited to:

    a. Failing to properly warn consumers that the Product could cause or contribute to fire and/or fire damages;

    b. Failing to properly warn consumers about potential wind hazards when operating the Product outdoors;

    c. Failing to make appropriate recommendations concerning the use and operation of the Product;

    d. Failing to comply with applicable federal and/or state regulations concerning the sale and packaging of the Product; and,

    e. Otherwise failing to exercise reasonable care under the circumstances that then and there existed.

25. Lowe's negligence is a legal cause of the fire and resulting damage to the Property and its contents.

WHEREFORE, the Plaintiffs respectfully request this Court enter judgment against Lowe's for the compensatory damages the Plaintiffs have suffered and will

3851553

continue to suffer as a result of Defendants' negligence, pre and post-judgment interest, taxable costs, attorneys' fees as are available under applicable law, and such other relief as this Court may deem necessary and proper.

**COUNT IV**
(Lowe's - Strict Product Liability)

26. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 25 of the Complaint and incorporates the same by reference herein.

27. Lowe's is in the business of selling the Product and did sell the Product as new to the Plaintiff.

28. The Product was used by Plaintiff in a reasonably foreseeable manner and without substantial change up to and at the time of the Loss.

29. Lowe's is strictly liable for the defective and/or unreasonably dangerous condition of the Product that had a propensity to be an ignition source for a fire when used as intended and contained inadequate warnings of this danger.

30. The Loss was legally caused by the Product's defective and/or unreasonably dangerous condition.

31. As a result of aforesaid Loss, Plaintiff has incurred costs and suffered damages.

WHEREFORE, the Plaintiffs respectfully request this Court enter judgment against Lowe's for the compensatory damages the Plaintiffs have suffered and will continue to suffer as a result of Defendants' negligence, pre and post-judgment

interest, taxable costs, attorneys' fees as are available under applicable law, and such other relief as this Court may deem necessary and proper.

## **JURY DEMAND**

The Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

3851553

Respectfully submitted,

*/s/ John A. Donovan III*
John A. Donovan, Esq.
Pro Hac Vice
jdonovan@sloanewalsh.com
bmccarthy@sloanewalsh.com
**SLOANE & WALSH, LLP**
201 Washington Street Suite 1600
Boston, MA 02108
Tel: 617-523-6010
*Lead Counsel for Plaintiff*


LEE D. GUNN IV, ESQUIRE
Florida Bar No.: 367192
lgunn@gunnlawgroup.com
labramson@gunnlawgroup.com
L. Delton Gunn V, Esq.
Florida Bar No.: 1038889
dgunn@gunnlawgroup.com
mpowell@gunlawgroup.com
**GUNN LAW GROUP, P.A.**
401 East Jackson Street, Suite 3600
Tampa, FL 33602
(813) 228-7070 TELEPHONE
(813) 228-9400 FACSIMILE
*Local Counsel for Plaintiff*

Dated: August 19, 2025

1

3851553

## CERTIFICATE OF SERVICE

I certify that on August 19, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which provided notice of such filing to all known counsel of record.

Respectfully submitted,

*/s/ John A. Donovan III*
John A. Donovan III, Esq.
Pro Hac Vice
jdonovan@sloanewalsh.com
bmccarthy@sloanewalsh.com
**SLOANE & WALSH, LLP**
201 Washington Street, Suite 1600
Boston, MA 02108
Tel: 617-523-6010
*Lead Counsel for Plaintiff*

Lee D. Gunn IV, Esq.
Florida Bar No.: 367192
lgunn@gunnlawgroup.com
labramson@gunnlawgroup.com
L. Delton Gunn V, Esq.
Florida Bar No.: 1038889
dgunn@gunnlawgroup.com
mpowell@gunnlawgroup.com
**GUNN LAW GROUP, P.A.**
401 East Jackson Street, Suite 3600
Tampa, FL 33602
Tel: (813) 228-7070
*Local Counsel for Plaintiff*

3851553