# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JACQUELINE FLYNN and**
**AMICA MUTUAL INSURANCE**
**COMPANY,**

      **Plaintiffs,**

v.                                                                 Case No: 6:23-cv-1890-PGB-DCI

**THERMACELL REPELLENTS,**
**INC. and LOWE'S HOME**
**CENTERS, LLC,**

      **Defendants.**
_____/

## ORDER

This cause is again before the Court on the Defendants' Thermacell Repellents, Inc. and Lowe's Home Centers, LLC (collectively, "**Defendants**") Motion for Summary Judgment. (Doc. 102 (the "**Motion**")). Plaintiff Jacqueline Flynn ("**Plaintiff**" or "**Plaintiff Flynn**") filed a Response in Opposition (Doc. 104), and the Defendants submitted a Reply (Doc. 105). Upon consideration of the Motion, the Court stayed its ruling on the Motion and granted the Plaintiff leave to amend the Complaint to designate Jacqueline Flynn for the use and benefit of Amica Mutual Insurance Company. (Doc. 117). The Plaintiff filed an Amended Complaint (Doc. 127), and Defendants submitted their Answer. (Doc. 128). The parties did not request leave to conduct additional discovery or leave to amend

their summary judgment submissions. (Doc. 125). Upon consideration, Defendants' Motion (Doc. 102) is denied.

## I. BACKGROUND

The procedural history and legal standards applicable to a summary judgment motion are set forth in the Court's previous Order and are incorporated herein by reference. (*See* Doc. 117, pp. 2–4).

## II. DISCUSSION

The Defendants move for summary judgment on three grounds. First, the Defendants assert that Plaintiff Flynn is not the real party in interest because her insurance carrier, Amica Mutual Insurance Company ("**Amica**"), paid the entire loss. (Doc. 102, pp. 1–2). Since Amica paid the fire loss claim, Defendants contend that Plaintiff Flynn did not incur damages and lacks standing. (*Id.*). Second, the Defendants submit that the fire cause and origin opinions of Amica and Plaintiff's expert witnesses are not sufficiently reliable.[1] (*Id.* at p. 2). Third, the Defendants contend that Plaintiff failed to prove a "proper measure of damage to [the] property damaged or destroyed in the fire." (*Id.*).

The Amended Complaint renders Defendants' argument that Plaintiff Flynn is not the real party in interest moot. As for the Defendants' second argument, that the fire cause and origin opinions of Plaintiff's expert witnesses are not sufficiently reliable, the Court previously rejected this argument, having denied Defendants'

---

[1] The Court denied the Defendants' *Daubert* challenges directed to the Plaintiff's expert witnesses. (Docs. 111, 113, 116). Accordingly, the Court will not address the second basis for summary judgment advanced by the Defendants.

2

*Daubert* challenges. (*See* Doc. 117, p. 2 n.1 (citing Docs. 111, 113, 116)). Finally, the Court finds that a material issue of fact exists as to whether a proper measure of damage to the property damaged or destroyed in the fire can be established at trial.

The Plaintiff notes that Amica paid $1,851,809.19 for the loss caused by the fire. (Doc. 104, p. 18 (citing Docs. 104-2, 104-5)). Amica also paid for upgrades required by the building department. (*Id.* at p. 19 (citing Doc. 104-1, 34:13–35:12)). And the Plaintiff produced in discovery voluminous records regarding damage sustained during the fire. (*Id.* (citing Docs. 104-6, 104-7)). It has long been held that once the fact of injury has been established, the "plaintiff is not required to prove its damages with absolute mathematical certainty." *Household Good Carriers' Bureau v. Terrell*, 417 F.2d 47, 53 (5th Cir. 1969)[2]; *Salam Jeans Ltd. v. Fortune Swimwear, LLC*, No. 07-21603-CIV, 2010 WL 1331226, at *3 (S.D. Fla. Mar. 3, 2010) ("[A] Florida plaintiff's proof of damages will be sufficient if it provides some evidence from which the amount of damages may be satisfactorily ascertained. Proof of the amount of damages need not conform to any particular methodology, and exact proof of damages is not required.").

## III.    CONCLUSION

For these reasons, the Defendants' Motion for Summary Judgment (Doc. 102) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 24, 2025.

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties